IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BILLY J. MAULDIN,

    Plaintiff,

v.                          Case No. 1:16-cv-01062-JDT-egb

JOHN W. DEMLING, and
SUSAN A. MARKS,

    Defendants.

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Billy J. Mauldin, of Paris, Henry County, Tennessee filed this lawsuit on March 28, 2016, seeking monetary damages in the amount of $35,000.00 from each Defendant – Judge John W. Demling, a resident and sitting State Judge in in Illinois and Susan A. Marks, a resident and attorney also of Illinois. The underlying facts are simple. Defendant Marks was the attorney for Plaintiff's wife in divorce proceedings, and Judge Demling was the presiding judge. Defendants have filed Motions to Dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim for which relief can be granted pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

The burden to establish the jurisdiction of the court is on the plaintiff. *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Tennessee courts exercise personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). As such, under the Due Process Clause, a plaintiff must show that the defendant had sufficient minimum contacts with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal citations omitted); *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). For personal jurisdiction to exist, a defendant must "purposefully avail" himself of the privilege of conducting activities within the forum state and thereby "invoke the benefits and protections of the state's laws" to ensure that the defendant will not be haled into a particular forum on the basis of "random," "fortuitous," or "attenuated" activity, or by the "unilateral activity" of some other party or person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Here, the Court determines from the uncontested and unrebutted affidavits of the Defendants Judge Demling [D.E. 11-3] and Attorney Susan A. Marks [D.E 9-1] that the State of

Tennessee does not have personal jurisdiction over either of them here, and Plaintiff has failed to establish otherwise. There are no allegations that Defendants have had "continuous and systematic contacts" with the State of Tennessee. Accordingly, the Magistrate Judge recommends that the Motion to Dismiss be granted on this basis.[1]

Even had Plaintiff been able to establish jurisdiction, a complaint must contain allegations of enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). While the pleading standard in Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me- accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim for relief that is plausible on its face, the court is required to "draw on its judicial experience and common sense." *Id*. at 679.

Here, as Defendants note, Plaintiff alleges that Ms. Marks filed a Petition for Dissolution of Marriage on behalf of Plaintiff's ex-wife pursuant to the Illinois Marriage and

---

[1] Even had there been sufficient contacts from the Defendants with Tennessee, the Court would still lack jurisdiction to entertain the lawsuit. One requirement of diversity jurisdiction is that the amount in controversy exceed $75,000.00. Here, the amount in controversy is only $70,000.00.

Dissolution of Marriage Act and that this act violated the 5th, 7th, and 14th Amendments to the United States Constitution. (Complaint ¶ 1(a)-(b), D.E. 1). Plaintiff does not articulate, however, how Ms. Marks' filing of the petition for divorce violated his right to a trial by jury or his due process rights under the 5th and 14th Amendments, nor does Plaintiff articulate how Ms. Marks allegedly failed to comply with the Illinois Marriage and Dissolution of Marriage Act. (*See generally* Complaint). Beyond the Complaint's caption, Judge Demling is not mentioned by name in the Complaint or attached exhibits. The Complaint simply contains "the-defendant-unlawfully-harmed-me" allegations that do not meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678.

Because Plaintiff has failed to set forth any well-pleaded facts to state a claim for relief that is plausible from the face of the Complaint, the Magistrate Judge recommends that Defendants' Motions to Dismiss be granted.

Finally, Defendants assert that Plaintiff has failed to effectuate service. Considering the arguments of Defendants, the Magistrate Judge agrees that service was improper, further establishing the recommendation that Plaintiff's Complaint be dismissed with prejudice.

## CONCLUSION

Based upon the above, it is the recommendation that Plaintiff's complaint be DISMISSED.

Respectfully Submitted this 28th day of June, 2016.

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**