IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BILLY J. MAULDIN,                          )
                                           )
        Plaintiff,                         )
                                           )
VS.                                        )          No. 16-1062-JDT-egb
                                           )
JOHN W. DEMLING, ET AL.,                   )
                                           )
        Defendants.                        )

_____

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
MOTIONS TO DISMISS, DENYING REMAINING MOTIONS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

_____

Plaintiff Billy J. Mauldin, a resident of Paris, Tennessee, filed a *pro se* complaint pursuant

to 42 U.S.C. § 1983 on March 28, 2016 (ECF No. 1) and paid the civil filing fee (ECF No. 3).

Plaintiff has sued John W. Demling, a judge of the Eighteenth Judicial Circuit Court of Illinois, and

Susan A. Marks, an Illinois attorney representing Plaintiff's wife in their divorce proceeding, which

was filed in Illinois. Defendant Marks filed a motion to dismiss on May 13, 2016, pursuant to

Federal Rule of Civil Procedure 12(b) (ECF Nos. 9 & 10.) A similar motion to dismiss was filed

by Defendant Demling on May 16, 2016. (ECF No. 11.) However, Plaintiff did not respond to the

Defendants' motions. On June 28, 2016, U.S. Magistrate Judge Edward G. Bryant issued a Report

and Recommendation ("R&R") in which he recommended granting the motions to dismiss.

Objections to the R&R were due within fourteen days, on or before July 15, 2016. *See* Fed. R. Civ.

P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Plaintiff's copy of the R&R was returned undeliverable on July 8, 2016. (ECF No. 17.) On July 15, 2016, Plaintiff telephoned the Clerk's Office to request a status update on the case and was informed that mail sent to him by the Court had been returned. The Clerk recorded the new address Plaintiff provided at that time and mailed him another copy of the R&R. Plaintiff was advised to file a written confirmation of his address change, but he has not done so. Plaintiff has filed no objections to the R&R and has not sought an extension of time in which to do so.

Although Plaintiff's complaint is not entirely clear, he seems to contend that the Illinois Marriage and Dissolution of Marriage Act, 750 Ill. Comp. Stat. 5 (2014), violates the Seventh Amendment because the statute does not provide for a trial by jury in a divorce proceeding. (ECF No. 1 at 1.) He further appears to contend that the Illinois statute violates the guarantee of Due Process in the Fifth and Fourteenth Amendments as applied to him because he is not an Illinois resident. (*Id.* at 2.) Plaintiff also alleges that his wife waived her right to a divorce by abandoning him. (*Id.*)

The only factual allegations in the complaint against Defendant Marks are that she filed the divorce petition (*id.* at 1) and then filed a response in opposition to Plaintiff's motion to dismiss that petition (*id.* at 2). Plaintiff does not explain how Marks's mere filing of pleadings and documents violated his statutory or constitutional rights. There are no factual allegations against Defendant Demling.[1]

The Defendants have asserted several grounds for dismissal, including lack of personal jurisdiction, lack of subject matter jurisdiction, insufficient service of process, improper venue, and

---

[1] Plaintiff does allege in a conclusory manner that, "[t]he Defendants did not comply with the statute." (*Id.*) However, he does not explain in what way they allegedly failed to comply with the Illinois divorce statute.

failure to state a claim on which relief may be granted. In the R&R, Magistrate Judge Bryant determined that the Court lacks personal jurisdiction over the Defendants, that venue is improper in this district, that service of process was insufficient, and that the complaint fails to state a claim. The Court finds no error in that conclusion.[2] Therefore, the R&R is ADOPTED, and the Defendants' motions to dismiss are GRANTED. Plaintiff's motion for a temporary restraining order (ECF No. 6) and motion for default judgment (ECF No. 12) are DENIED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant Defendants' motions to dismiss also compel the conclusion that an appeal by Plaintiff would not be taken in good faith.

---

[2] The Court further finds that dismissal is appropriate on all of the separate grounds asserted by the Defendants.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE